```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

C. KLINE #K-52418,                  )
                                    )
                 Plaintiff,         )
                                    )
     v.                             )    No.  06 C 6106
                                    )
SGT. ERNEST EWING, et al.,          )
                                    )
                 Defendants.        )
```

<u>MEMORANDUM ORDER</u>

Corey Kline ("Kline") has just tendered a 42 U.S.C. §1983 ("Section 1983") Complaint against Stateville Correctional Center ("Stateville") Warden Ken Briley and two members of the Stateville correctional staff, coupled with an In Forma Pauperis Application ("Application"). Each of those documents is submitted on a form provided by this District Court's Clerk's Office, with Kline having filled in the requested information in handwriting. This Court has conducted the preliminary screening called for by 28 U.S.C. §1915A(a),[1] and it dismisses both the Complaint and this action because Kline's filing discloses his failure to have satisfied a statutory precondition to suit.

But before that defect is explained, a statutory deficiency in the Application should be addressed. What the Application sets out, immediately below the place for Kline's signature, is a capitalized and boldface "NOTICE TO PRISONERS" followed by an

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

underlined sentence that repeats the requirement of Section 1915(a)(2) for a statement reflecting all transactions in Kline's trust fund account at Stateville and Pontiac Correctional Center (where he is now in custody) for the six-month period from May 8 through November 7, 2006. Despite that explicit direction, Kline has not provided such a statement.

That omission prevents this Court from making the necessary determination, pursuant to Section 1915(b)(1), as to the initial partial filing fee that Kline must pay. That being so, this Court orders (1) that Kline must pay the entire $350 filing fee (as provided by the last-cited section) and (2) that Kline should promptly obtain and file (under this case number) the required trust fund statements, so that this Court can enter the appropriate order as to installment payments to be made on account of that fee.

That said, this memorandum order turns to Kline's Section 1983 claim. In that respect Complaint ¶III.C states that Kline filed a grievance regarding his claim (an assertion that is confirmed by one of the attachments to the Complaint) and then goes on to state that after the denial of that grievance "I appealed and it was denied by Springfield" (Complaint ¶III.C.3). But what Kline does not say there is that the Illinois Department of Corrections Administrative Review Board simply <u>returned</u> Kline's grievance to him because it was "[n]ot submitted in the

2

timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further" (Complaint Ex. 3). As Ex. 3 reflects, the incident giving rise to Kline's Complaint occurred in December 2004, but he did not pursue the matter to the Administrative Review Board until May 19, 2005--far beyond the 60 day limitation period established by the operative rules.

Accordingly Kline has not in fact properly exhausted his administrative remedies, thus violating the requirement of 42 U.S.C. §1997e(a) that makes such exhaustion a precondition to the institution of any Section 1983 action such as this one. As stated at the outset, this Court accordingly dismisses both the Complaint and this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 16, 2006